UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARAH ANGELINA THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | CASE NO. C17-1350-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff Sarah Angelina Thomas proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1975.[1] She has a high school diploma, and has worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

business manager, receptionist, and paralegal. (AR 320-21.)

Plaintiff applied for SSI and DIB in November 2013. (AR 292-304.) Those applications were denied and Plaintiff timely requested a hearing. (AR 155-63, 165-77.)

On October 20, 2015, ALJ Glenn G. Meyers held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 38-75.) On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 27, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since January 7, 2014, the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's seizure disorder, diabetes mellitus, diabetic retinopathy, history of right eye laser surgery, depressive disorder, anxiety disorder, substance abuse in remission, headaches, and post-traumatic stress disorder. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-20.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional restrictions. She can perform simple, repetitive tasks in two-hour increments. She can have superficial, incidental contact with the public. She can work in proximity to, but not in coordination with co-workers. She can have occasional contact with supervisors. She would be off-task at work up to 10% of the time, but still meet minimum production requirements. She would be absent one day per month. She can frequently engage in activities requiring depth perception. The claimant must avoid working at unprotected heights. She can never balance or drive. She can never work in hazardous conditions, such as around moving machinery. (AR 20.) With that assessment, the ALJ found Plaintiff unable to perform past relevant work. (AR 29.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, including bottle packer; production assembler; and assembler, electrical accessories I. (AR 30-31.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's

decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding at step three that she did not meet Listings 9.00, 12.04, or 12.06; (2) assessing certain medical evidence and opinions; (3) discounting her own testimony; (4) rejecting statements written by Plaintiff's daughter; and (5) failing to account for her seizures when assessing her RFC. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step three

Plaintiff argues that the ALJ erred in finding that she did not meet Listings 9.00, 12.04, and 12.06. Plaintiff notes that treating physician Megan Wilson, M.D., opined that she satisfied these listings, and contends that the ALJ erred in rejecting Dr. Wilson's opinion.

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted). Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. at 530 (emphasis in original).

Dr. Wilson indeed opined that Plaintiff's diabetes met Listing 9.00 and that her mental disorders satisfied Listings 12.04 and 12.06. (AR 1022.) Dr. Wilson stated conclusorily that Plaintiff's "constellation of impairments" causes marked impairments in her social functioning and her ability to maintain concentration, persistence, and pace, which are relevant to Listings

12.04 and 12.06. (AR 1022-23.) Dr. Wilson did not specify what evidence supported that conclusion, or cite any evidence showing that Plaintiff meets Listing 9.00.

The ALJ specifically addressed Listings 9.00, 12.04, and 1206, *inter alia*, and explained why he found that Plaintiff did not satisfy the requirements of those listings. (AR 18-20.) Plaintiff offers her own interpretation of the record, regarding whether her deficits in social functioning and/or her ability to maintain concentration, persistence, and pace should have been considered "moderate" or "marked," but simply offers her own analysis of the same evidence discussed by the ALJ. Dkt. 10 at 7-9. She has not shown that the ALJ's findings regarding these criteria were unreasonable, and thus has not shown error in the ALJ's decision with respect to Listings 12.04 or 12.06.

Neither does Plaintiff address the content of Listing 9.00, which provides that limitations caused by endocrine disorders should be considered with respect to the body system they impact, rather than as separate endocrine disorders alone. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.00. Thus, although Plaintiff emphasizes her dispute with the ALJ's finding that her diabetes "appears controlled[,]" she has not argued that her diabetes caused any listing-level limitations in any particular body system. *See* Dkt. 14 at 1. Although neither party notes this in briefing,[2] the ALJ's decision appears to refer to an obsolete version of Listing 9.00 that was replaced in 2011. *Compare* Programs Operations Manual System DI 34129.011, *available at* https://secure.ssa.gov/poms.nsf/lnx/0434129011 (last accessed March 9, 2018) *with* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.00; *see also* Revised Medical Criteria for Evaluating Endocrine Disorders, 76 FR 19,692 (Apr. 8, 2011). Because the ALJ explicitly considered whether Plaintiff

---

[2] The Commissioner's brief mentions the current version of Listing 9.00, but does not address the discrepancy between the ALJ's findings and the current version of the listing. Dkt. 11 at 13.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

satisfied requirements that were not actually in place at the time of the decision, and this case must be remanded on other grounds as explained *infra*, the ALJ should on remand address whether Plaintiffs meets the applicable version of Listing 9.00.

### Subjective symptom testimony

The ALJ discounted Plaintiff's subjective complaints for a number of reasons, including (1) the lack of corroboration for her complaints in the objective medical record, (2) daily activities inconsistent with disabling limitations, and (3) her failure to follow through with treatment recommendations and failure to consistently seek treatment. (AR 22, 28.)

Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court agrees. The ALJ simply summarized the objective medical record, without explaining how that evidence undermined Plaintiff's testimony. (AR 22-25.) This reasoning is not sufficiently specific. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493-94 (9th Cir. 2015) (ALJ failed to provide specific reasons, allowing for meaningful review where "she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination").

The ALJ also failed to explain how the cited activities either contradicted Plaintiff's testimony or demonstrated the existence of transferable work skills. (AR 28.) Plaintiff's ability to spend time with her children, engage in hobbies, cook, and use public transportation is not reasonably inconsistent with her descriptions of limitations caused by her seizure disorder, diabetes, or mental conditions, and the ALJ did not identify any contradiction. Accordingly, the ALJ's reasoning with respect to Plaintiff's activities is invalid. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

Lastly, although the ALJ found that Plaintiff's lapse in treatment between June 2014 and April 2015 was unexplained (AR 28), Plaintiff testified at the hearing that during that period she was living on her own in subsidized housing (as opposed to the domestic violence shelters she lived in before and after that time period), and that her move there had disrupted her treatment relationships. (AR 47-66.) The ALJ did not mention Plaintiff's explanation or address why he found Plaintiff's explanation to be unreasonable, as he should have done under Social Security Ruling (SSR) 16-3p. *See* 2017 WL 5180304, at *10 (Oct. 25, 2017) ("[W]e will consider and address reasons for not pursuing treatment that are pertinent to an individual's case.").

Although the ALJ also cited evidence that Plaintiff did not always comply with treatment recommendations pertaining to her seizure disorder and diabetes (AR 28), which does support the ALJ's discounting Plaintiff's complaints to some extent, this reason is unconnected to Plaintiff's allegations of mental limitations and therefore cannot alone support the ALJ's determination regarding Plaintiff's subjective testimony. Accordingly, the errors contained in the ALJ's reasoning are not harmless, and the ALJ should reconsider Plaintiff's subjective testimony on remand.

The ALJ should also reconsider Plaintiff's RFC assessment on remand, in light of a new assessment of her subjective testimony and Dr. Wilson's opinion (as discussed *infra*). Specifically, the ALJ did not address Plaintiff's allegations regarding the limitations caused by her seizure disorder; the ALJ focused on the evidence regarding whether Plaintiff's seizures were epileptic in nature (AR 22-25), but did not detail whether he credited her testimony that she experienced three or four seizures per week, and that these seizures cause her to be sleepy and disoriented afterward. The ALJ's RFC assessment is not necessarily consistent with seizures this frequent or this severe. On remand, the ALJ shall explicitly assess Plaintiff's testimony regarding her seizure activity and

related limitations.

## Medical opinions

Plaintiff argues that the ALJ erred in assessing opinions provided by a treating physician, a consultative examiner, and State agency consultants. The Court will address each challenged opinion in turn.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

### Dr. Wilson

Dr. Wilson began treating Plaintiff in May 2015, and signed a declaration in October 2015 stating that she reviewed Plaintiff's records back to 2008 (when Plaintiff began treatment at Dr. Wilson's clinic). (AR 1022-23.) Dr. Wilson opined that Plaintiff has not been capable of working full-time since January 7, 2014, "due to her constellation of medical and mental health

impairments." (AR 1023.)

The ALJ gave "reduced weight" to Dr. Wilson's opinion, finding that Dr. Wilson had misled the reader into believing that she had read more records than are in the administrative record. (AR 27.) This reason is non-sensical: that the administrative record contains no evidence before July 2013 does not show that Dr. Wilson could not have reviewed earlier records. The Commissioner does not defend this reason, and the Court finds that it is not a specific, legitimate reason to discount Dr. Wilson's opinion.

The ALJ also found that Dr. Wilson's opinion did not explain how Plaintiff met Listing 9.00, and that the medical record contradicted that opinion. (AR 27.) As explained *supra*, the ALJ appears to have been considering an obsolete version of Listing 9.00, and therefore this reason requires reconsideration in light of the current version of Listing 9.00.

Lastly, the ALJ found that Dr. Wilson's brief treatment relationship (10 visits between May and October 2015) suggested that the opinion would "not merit the same weight that would be given to a treating physician with a treating relationship of a longer duration." (AR 28.) That may be true, but the record does not contain an opinion from a treating physician with a treating relationship of a longer duration, and therefore this reason does not support the ALJ's discounting of Dr. Wilson's opinion, because he did not discount it in favor of an opinion written by a provider with a lengthier relationship.

Because the ALJ did not provide specific, legitimate reasons to discount Dr. Wilson's opinion, the ALJ shall reconsider this opinion on remand and either credit it or provide legally sufficient reasons to discount it.

Amritha Bhat, M.D.

Dr. Bhat examined Plaintiff in April 2014, and concluded that Plaintiff had no

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

psychological limitations, but "would benefit from a detailed medical evaluation to assess the contribution from pain." (AR 615-19.) The ALJ gave great weight to Dr. Bhat's opinion. (AR 26.)

Plaintiff argues that the ALJ's reasons for crediting Dr. Bhat's opinion are not specific and legitimate and supported by substantial evidence, but this is the incorrect standard. An ALJ must explain why he or she *rejects* an opinion, but Plaintiff has cited no authority requiring an ALJ to provide reasons to *credit* an opinion, and the Court is aware of none. *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Plaintiff has not shown that the ALJ erred in crediting Dr. Bhat's opinion.

State agency opinions

Plaintiff argues that the ALJ erred in assigning great weight to the State agency opinions because there is evidence in the record that is inconsistent with those opinions and because the State agency consultants never examined Plaintiff. Dkt. 10 at 12-13. Plaintiff has not identified an error in the ALJ's assessment of those opinions because "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original)). Plaintiff has not shown that the State agency opinions were inconsistent with the remainder of the record, and the Court declines Plaintiff's invitation to reweigh the evidence in her favor. Dkt. 10 at 12-13.

Plaintiff also argues that the ALJ erred in failing to obtain an opinion regarding her physical functioning from a treating or examining physician (Dkt. 10 at 13), but this argument overlooks Dr. Wilson's declaration. Furthermore, none of the cases cited by Plaintiff in support of this

1 argument are binding on this Court. Dkt. 10 at 13.  On remand, the ALJ is not precluded from
2 ordering a consultative examination, but Plaintiff has not shown that the ALJ breached his duty to
3 develop the record in failing to obtain one because the record as currently constituted is neither
4 ambiguous nor inadequate.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)
5 ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper
6 evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'").

<u>Lay testimony</u>

Plaintiff's daughter, Angelina Grant, provided two written statements describing Plaintiff's symptoms and limitations.  (AR 336-43, 399-400.)  The ALJ noted that Ms. Grant was not medically trained, but said that he gave "some weight" to her statements to the extent they were consistent with the RFC assessment.  (AR 27.)

Plaintiff argues that the ALJ erred in first assessing her RFC, and then considering whether Ms. Grant's statements were consistent with that assessment.  Dkt. 10 at 16.  She also contends that Ms. Grant's lack of medical training is not a reason to discount her statements.  *Id.*

The Court agrees that Ms. Grant's status as a layperson is a not a germane reason to discount her statements.  *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).  Nonetheless, Plaintiff has not shown that the ALJ's RFC assessment is in fact inconsistent with Ms. Grant's statements, and therefore has not shown that any harm resulted from the ALJ's erroneous assessment of Ms. Grant's statements.  Because this case must be remanded for other reasons, and the ALJ may reformulate Plaintiff's RFC assessment, the ALJ may need to reconsider Ms. Grant's statements on remand and, if necessary, explain why they were discounted.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

administrative proceedings.

DATED this 20th day of March, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12